*Cofer,* for appellees.

---

## WM. ALLEN AND WIFE *v.* WM. E. GLOVER.

**Judicial Sales—Right to Substitute Purchaser.**

> One who purchases property at a judicial sale, and does not comply with the terms thereof, loses their rights thereunder, and it may be transferred to a third party by the court, or a re-sale may be ordered.

**Same.**

> This may be done independent of any consent on the part of the original purchaser.

APPEAL FROM LOUISVILLE CHANCERY COURT.

April 17, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

Mrs. Allen was certainly a preferred bidder for the property; but until she complied with the terms of the sale she was not in any sense, and could not be regarded as, a purchaser thereof, and if she was unable to comply, whatever right, if any, she acquired by her bid was lost to her, and the court might either have ordered a re-sale of the propery, and might, as appears to have been done, have permitted another person to be substituted for her as the purchaser, upon his complying with the terms of the sale, and this could be done independent of any consent on her part; so that whether the writing signed by her was legally obligatory on her or not is wholly immaterial to this controvesy.

As far as the conduct of the appellee Glover is developed by the facts in this record there is nothing to subject him to legal liability; but on the contrary, he has manifested throughout a disposition to assist and relieve appellants as far as he could without detriment to himself, and from his efforts to aid them they have derived no inconsiderable advantages; the time allowed by him for them to find a purchaser was as long as they could reasonably have asked; it was neither unjust nor harsh in him to require as much as $6,000 to be paid down, in view of the fact that he had advanced the two instalments which had matured, and the time was approaching when the last would mature, and he had been compelled to borow the money to pay what had been paid.

From the time of the first sale until Gill purchased, appellants occupied the premises without payment of rent, and after the sale to Gill they continued to occupy it for several months, which was paid for out of the advanced price for which the property was sold; all of which they got the benefit of except what was applied to refund to appellee money which he had actually expended for the property, and for their benefit.

The judgment must be *affimed*.

*Thompson, for appellants.*

*John Roberts, for appellee.*